UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WAYNE CARROL JONES, | CASE NO. 3:24-cv-05322-DGE |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS (DKT. NO. 15) AND GRANTING LEAVE TO AMEND |
| v. | |
| WASHINGTON DEPARTMENT OF EMPLOYMENT SECURITY et al., | |
| Defendants. | |

Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim. (Dkt. No. 15.) For the reasons discussed below, Defendants' motion is GRANTED, but Plaintiff is granted leave to amend as identified herein.

I.      FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from Plaintiff's complaint, which the Court accepts as true for purposes of considering the motion to dismiss.[1] Plaintiff Wayne Carrol Jones was employed by the Washington State Employment Security Department ("ESD") as a Paid Family and Medical Leave Specialist.[2] (Dkt. No. 3 at 7.) Plaintiff's duties included processing claims and communications under Washington's Paid Family and Medical Leave Program. (*Id.*) Plaintiff asserts that on August 3, 2022, he requested accommodations for his visual impairments, such as better visual aids and training for reading "blurred" documents. (*Id.* at 5.) Plaintiff states that after requesting these accommodations he experienced a "severe mental breakdown" due to "inadequate support and dismissive behavior" from the defendants. (*Id.*)

Plaintiff further asserts that after returning from a period of Family and Medical Leave Act ("FMLA") due to his father's death, he faced "increased scrutiny, a shift in job duties without adequate training, and harassment concerning his use of FMLA leave." (*Id.*) Plaintiff states that, during the period between May 8, 2023 and July 27, 2023 he was "placed in work scenarios that were inadequately supported, leading to repeated denials of accommodation requests and eventual wrongful termination." (*Id.*)

Plaintiff asserts that on July 21, 2023, he was terminated from his position "under circumstances that involved direct decisions or approvals by all defendants." (*Id.*) Plaintiff

---

[1] The Court also relies on various documents attached to the complaint and referenced in the complaint. "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

[2] Plaintiff's complaint is unclear concerning precisely when he began working at ESD.

1  argues he was terminated from his position "under the pretext of performance issues", but that
2  his termination was actually "a direct result of his disability, use of FMLA leave, and the
3  resultant complaints about his treatment and lack of accommodations." (*Id.* at 8.) Plaintiff
4  contends he was provided misleading and incomplete information during the termination
5  process, which impacted his ability to appeal or otherwise seek redress. (*Id.* at 5.) Plaintiff
6  claims Defendants issued separation letters containing inaccuracies and did not address
7  Plaintiff's appeals correctly, hindering Plaintiff's ability to secure new employment. (*Id.* at 5–6.)
8      On August 15, 2023, Plaintiff filed a charge of discrimination with the Equal
9  Employment Opportunity Commission ("EEOC"). (*Id.* at 9–10.) On January 29, 2024, Plaintiff
10 received a Notice of Right to Sue from the EEOC, advising him that he had 90 days to file a
11 lawsuit. (Dkt. No. 3-1.) On April 29, 2024, Plaintiff, proceeding pro se, filed a proposed
12 complaint with this Court, along with a motion for leave to proceed in forma pauperis ("IFP").
13 (Dkt. No. 1.) On June 7, 2024, the Court granted Plaintiff's motion to leave to proceed IFP.
14 (Dkt. No. 2.) Plaintiff filed a complaint with this Court the same day. (Dkt. No. 3.)
15     Plaintiff's complaint asserts claims under the Americans with Disabilities Act ("ADA"),
16 the Family and Medical Leave Act ("FMLA"), and Washington's Paid Family and Medical
17 Leave ("PFML") law. (*Id.* at 3–4.) Plaintiff is suing ESD along with three of his former
18 colleagues, Carlos Barboza, Toni Bryant, and Brittney Dahl. (*Id.* at 4–5.) Plaintiff seeks
19 $300,000 in compensatory damages for lost wages, emotional distress, and medical expenses
20 "incurred as a result of the defendant's discriminatory and retaliatory actions." (*Id.* at 11.)
21 Plaintiff seeks additional compensatory damages of $125,000 for emotional distress, "reflecting
22 the severe mental anguish, depression, and anxiety" Plaintiff has suffered "due to the hostile
23 work environment, wrongful termination, and ongoing discrimination." (*Id.*) Plaintiff further
24

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 15) AND GRANTING LEAVE TO AMEND - 3

seeks $300,000 in punitive damages "as a deterrent against the egregious and malicious behavior exhibited by the defendant." (*Id.*) Finally, Plaintiff seeks reinstatement to his former position or a comparable one, and asks the Court to order Defendants to implement training on discrimination and retaliation for all managerial and human resources staff. (*Id.*)

On October 28, 2024, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)[3] and 12(b)(6), arguing that Plaintiff's claims are precluded by the Eleventh Amendment to the United States Constitution. (Dkt. No. 15.)

## II.     SURREPLIES STRICKEN

As a preliminary matter, the Court strikes Plaintiff's two surreplies, Dkt. Nos. 19 and 20. Local Civil Rule 7(d)(4) sets for the briefing schedule for a motion to dismiss. A surreply is not authorized. Accordingly, Dkt. Nos. 19 and 20 are STRICKEN.

## III.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction can either attack the sufficiency of the pleadings on their face (a "facial attack") or may present affidavits or other evidence that contest the truth of the allegations in the pleadings. *Sullivan v. Ferguson*, 636 F. Supp. 3d 1276, 1283 (W.D. Wash. 2022) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)). Where the moving party does not present affidavits or other evidence challenging a plaintiff's factual allegations (e.g., a "factual attack"), the court must accept all factual allegations in the complaint as true and must construe the pleadings in the non-moving party's favor. *Id.*

---

[3] "Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (collecting cases).

"Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory." *Clift v. United States Internal Revenue Serv.*, 214 F. Supp. 3d 1009, 1011 (W.D. Wash. 2016). In reviewing 12(b)(6) motions, courts must accept factual allegations in the complaint as true and construe the complaint in favor of the non-moving party. *Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). Courts also draw "all reasonable inferences in favor of the plaintiff." *Id*. However, [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555.

### IV.     DISCUSSION

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The amendment "bars a citizen from bringing a suit against their own state in federal court." *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). "Eleventh Amendment immunity extends to state departments, agencies, boards, and commissions, and to state employees acting in their official

1. capacity[4] because a suit against them is regarded as a suit against the State itself." *Planned Parenthood Ariz., Inc. v. Brnovich*, 172 F. Supp. 3d 1075, 1086 (D. Ariz. 2016) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)); *see also In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) ("[A]gencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (quotation and citation omitted).

"A plaintiff can overcome the Eleventh Amendment bar only if the state has consented to waive its immunity or if Congress has abrogated the state's immunity." *Tron-Haukebo v. Wash. State DOT*, Case No. C23-5691JLR, 2023 WL 7183573, at *2 (W.D. Wash. Nov. 1, 2023) (citing *Micomonaco*, 45 F.3d at 319). Generally, "Washington has not consented to waive its Eleventh Amendment immunity to claims brought in federal court." *Id.* at *2 (citing *Rains v. State*, 674 P.2d 165, 170 (Wash. 1983) ("[T]he State cannot be sued in federal court because of the Eleventh Amendment.") Congress can abrogate a state's immunity in federal court if it (1) "makes its intention to abrogate unmistakably clear in the language of the statute" and (2) "acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment." *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003).

Defendants argue Plaintiff's causes of action are precluded by Washington State's immunity under the Eleventh Amendment. (Dkt. No. 15 at 4.) Defendants contend the causes of action brought under the federal statutes cited in Plaintiff's complaint "have been specifically found to be precluded by the Eleventh Amendment." (*Id.* at 5.) Defendants further contend Plaintiff's cause of action arising under state law is also precluded by the Eleventh Amendment. (*Id.*) In response, Plaintiff argues Congress has abrogated state sovereign immunity for claims of

---

[4] Plaintiff does not appear to dispute his claims brought against ESD employees are brought against those individuals in their official capacities.

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 15) AND GRANTING LEAVE TO AMEND - 6

discrimination and failure to accommodate disabilities brought under the ADA and the FMLA. (Dkt. No. 17 at 1.)  Plaintiff also argues the Eleventh Amendment does not bar his claims for prospective injunctive relief to ensure compliance with the ADA and the FMLA.  (*Id.* at 2.)

### A. ADA Claim

Citing the U.S. Supreme Court's decision in *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001), Defendants argue that causes of action brought under the employment provisions of the ADA are barred by the Eleventh Amendment.  (Dkt. No. 15 at 5.)  In *Garrett*, the Supreme Court found suits brought against States for money damages under Title I of the ADA, which addresses disability discrimination in employment, are barred by the Eleventh Amendment.  531 U.S. at 360.

#### 1. Title I

"Title I of the ADA enables individuals who have suffered employment discrimination because of their disabilities to sue employers for damages and injunctive relief in federal court." *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) (citing 42 U.S.C. § 12117(a)).  While "State governments can invoke the Eleventh Amendment's guarantee of sovereign immunity against Title I suits seeking money damages, [s]overeign immunity . . . does not bar Title I suits against state officials for prospective injunctive and declaratory relief." *Id.* (internal citation omitted); *see R.W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1220 (9th Cir. 2023) (under the *Ex parte Young* exception, the Eleventh Amendment does not bar an action seeking prospective relief against a state official for a violation of federal law); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 841 (9th Cir. 1997) (listing "overwhelming" support in other circuits that "job reinstatement constitutes prospective injunctive relief"); *Johnson v. Madden*, Case No. 3:22-cv-17910-MCR-HTC, 2023 WL 4060180 at *3 (N.D. Fla. June 19,

2023) (collecting cases and finding that reinstatement is prospective relief that fits squarely within the *Ex parte Young* doctrine.).

Here, Plaintiff's complaint seeks prospective injunctive relief, requesting reinstatement to his former position or a comparable one and the implementation of training on discrimination and retaliation for managerial and human resources staff. (Dkt. No. 3 at 11.)

Notwithstanding, Plaintiff's request for injunctive relief must meet the applicable pleading standards, specifically the "liberal system of 'notice pleading'" provided for under the Federal Rules of Civil Procedure. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Federal Rule of Civil Procedure 8(a) requires a complaint to contain only (1) a statement of jurisdiction, (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for judgment for the relief the pleader seeks."

A plaintiff's complaint must give the defendant fair notice of the grounds upon which the plaintiff's claim for prospective injunctive relief rests. *See Walsh*, 471 F.3d at 1036 (Plaintiff's single reference to injunctive relief "to force the defendant to adopt and enforce lawful policies regarding discrimination based on disability" was insufficient because it was "unsupported by any facts or allegations regarding [defendant's] failure to adopt or enforce discrimination policies" and because plaintiff made no assertions that the discrimination she suffered "was caused by the failure to enforce a state policy, or that such discrimination could be cured by an official policy.").

To support a claim for prospective injunctive relief, Plaintiff's complaint must plead sufficient facts to establish a violation of the ADA under a cognizable legal theory. Construing Plaintiff's complaint liberally, it appears he seeks to set forth discrimination and retaliation

claims under Title I of the ADA as support for his request for prospective relief. *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (A pro se complaint must be liberally construed, since a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

To state a claim for discrimination under Title I of the ADA, a plaintiff must allege he is: (1) disabled under the ADA, (2) a "qualified individual with a disability", and (3) discriminated against "because of" the disability. *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 988 (9th Cir. 2007). To state claim for retaliation under Title I of the ADA, a plaintiff must allege: "(1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Coons v. Secretary of United States Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown v. City of Tuscon*, 336 F.3d 1181, 1187 (9th Cir. 2003)).

Plaintiff's complaint provides insufficient facts concerning the incidents involved to adequately state a claim under Title I of the ADA. For example, Plaintiff asserts he requested and was denied specific accommodations for his known disabilities but does not identify the type or scope of the claimed disabilities, what accommodation was requested, to whom the request was made, when the request was made, how Defendant responded to the request, etcetera. Similarly, Plaintiff asserts "the evidence suggests that his termination was a direct result of his disability" (Dkt. No. 3 at 8) but does not identify the "evidence" relied upon.[5] Absent the assertion of specific facts, Plaintiff's conclusory statements are insufficient.

---

[5] Plaintiff attaches various screen shots of text messages and other communications, but they do not identify facts sufficient to support a claim for discrimination or retaliation as they make no reference to any disability or accommodation request.

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 15) AND GRANTING LEAVE TO AMEND - 9

Accordingly, Defendants' motion to dismiss as to any claim for damages under Title I of the ADA is GRANTED. However, Plaintiff may file an amended complaint to identify and allege facts that may support his claim for prospective relief no later than 30 days from the date of this order. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

    2. Title II

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Congress, in enacting Title II, "unequivocally expressed an intent to abrogate state sovereign immunity." *Kohn v. State Bar of Cal.*, 119 F.4th 693, 696 (9th Cir. 2024) ((citing 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter.")); *United States v. Georgia*, 546 U.S. 151, 154 (2006) (describing § 12202 as an "unequivocal expression of Congress's intent to abrogate state sovereign immunity").

However, Title II applies not to the "inputs" of a public agency, such as employment, but with "outputs," including a public agency's services, programs, [and] activities." *Zimmerman v. State Dept. of Justice*, 170 F.3d 1169, 1174 (9th Cir. 1999). This is because "the structure of the ADA as a whole unambiguously demonstrates that Congress did not intend for Title II to apply to employment." *Id.* at 1176; *see also Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1067 n.2 (9th Cir. 2010) (citing *Zimmerman*, 170 F.3d at 1176) ("Title I of the ADA, entitled

'Employment,' deals extensively with employment, and regulating employment under Title II would both render Title I redundant and eviscerate its procedural requirements."). .

Plaintiff's complaint focuses solely on conduct involving his employment with Defendant, not with any of the Defendant's "outputs" such as public services, programs or activities. Accordingly, to the extent Plaintiff seeks relief under Title II of the ADA based on his employment, Defendants' motion to dismiss is GRANTED.

**B. FMLA Claim**

The FMLA entitles eligible employees to take up to 12 work weeks of unpaid leave per year for: (A) 'the birth of a son or daughter ... in order to care for such son or daughter,' (B) the adoption or foster-care placement of a child with the employee, (C) the care of a 'spouse ... son, daughter, or parent' with 'a serious health condition,' or (D) the employee's own serious health condition when the condition interferes with the employee's ability to perform at work. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 34 (2012), *citing* 29 U.S.C. § 2612(a)(1). Subparagraph (D) is considered the "self-care provision." *See Id*. And "suits against States under [the self-care provision] are barred by the States' immunity as sovereigns in our federal system." *Id*. at 33.

Here, Plaintiff's complaint raises a claim under the FMLA's self-care provision. (Dkt. No. 3 at 8) ("The plaintiff took legally protected Family and Medical Leave (FMLA) dues to his father's death."). Plaintiff's FMLA claim for damages, therefore, is barred to the extent it is based on an alleged failure to comply with the FMLA's self-care provision.

Notwithstanding, as with Title I of the ADA, prospective injunctive relief is not barred. *See Williams v. Dorchester Cty. Det. Ctr.*, 987 F. Supp. 2d 690, 696 n.3 (D.S.C. 2013) ("There is some authority that, in appropriate circumstances, suit may be brought in federal court against a

state official in their official capacity seeking prospective injunctive relief, including even under the 'self-care' provision of the FMLA."); *Caberto v. Nevada ex rel. Dep't of Health & Human Servs.*, Case No.: 2:18-cv-01034-APG-CWH, 2019 WL 1261104, at *4 (D. Nev. Mar. 19, 2019) ("[Plaintiff] is requesting only prospective injunctive relief [under the FMLA's self-care provision] in the form of an order reinstating her to her pre-reassignment position and requiring her employer to accommodate her disability . . . [t]his claim is not barred and is not futile.").

To assert a claim under the FMLA, "a plaintiff must show that (1) he took 'FMLA-protected leave'; and (2) it constituted a 'negative factor' in an adverse employment decision." *Jadwin v. County of Kern*, 610 F. Supp. 2d 1129, 1159 (E.D. Cal. 2009).

Here, Plaintiff's complaint fails to identify facts establishing that his exercise of FMLA leave constituted a negative factor in an adverse employment decision. For example, Plaintiff asserts only that "he experienced harassment related to his [FMLA] leave" and that "the evidence suggests that his termination was a direct result of . . . use of FMLA leave[.]" (Dkt. No. 3 at 8.) But these are conclusory statements without any alleged facts supporting these conclusions.[6]

Accordingly, Plaintiff's FMLA claim is dismissed, but Plaintiff shall be given an opportunity to amend his complaint to attempt to address the deficiencies identified.

**C. State Law Claim**

Plaintiff asserts a claim for violation of Washington State's Paid Family and Medical Leave statute. (Dkt. No. 3 at 4.) The Court, however, is unaware of authority supporting the conclusion that the State of Washington has waived sovereign immunity as to state law claims brought in federal court. *See generally McConnell v. Critchlow*, 661 F.2d 116, 117 (9th Cir.

---

[6] Again, the various screen shots of text messages and other communications do not identify or discuss any adverse employment action that references Plaintiff's FMLA leave.

1981) ("Washington's waiver of immunity in its own courts does not waive its immunity in the federal courts."). Plaintiff has not offered any authority to the contrary.

Accordingly, Plaintiff's claims based on Washington State's Paid Family and Medical Leave statute is DISMISSED without prejudice.

V.     ORDER

Defendants' motion to dismiss is GRANTED.  Plaintiff, however, is granted leave to amend his complaint to assert facts sufficient to support his request for injunctive relief under the ADA and the FMLA.  Plaintiff's claims for money damages under the ADA and FMLA are DISMISSED with prejudice.  To the extent Plaintiff asserted a claim under Title II of the ADA based on his employment, such claim is DISMISSED with prejudice.  Plaintiff's state law claim is DISMISSED without prejudice.  Plaintiff SHALL file an amended complaint no later than 30 days from the entry of this order.

The Clerk is directed to calendar this event.

Dated this 12th day of February, 2025.

David G. Estudillo
United States District Judge